SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION



_____

ANDRE RICHARDSON,
AKA ANDREA RICHARDSON
c/o Bond & Norman Law, PC
777 6th St. NW #410
Washington, DC 20001


        Plaintiff,
Vs.

                                    C.A. #    **15 - 0 0 8 8 2 5**

THE DISTRICT OF COLUMBIA
A Municipal Corporation
441 4th St. NW
Washington, DC 20001

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

WARDEN WILLIAM SMITH, Individual and
Official Capacity
1900 "D" St. SE
Washington, DC 20003

And

JOHN DOES I – X, in their
Individual and Official Capacities
District of Columbia Jail
1900 "D" St. SE
Washington, DC 20003

        Defendants.


_____

1



## COMPLAINT

COMES NOW the Plaintiff, Andre Richardson, aka Andrea Richardson, (hereinafter "Andrea Richardson")[1] through undersigned counsel, and brings this action against Defendants District of Columbia, Warden William Smith, and John Does I-X (Unknown Employees of the Department of Corrections of the Defendant District of Columbia) as follows:

### Jurisdiction

1. This is a civil action in which the Plaintiff Andrea Richardson seeks relief for the Defendants' violation of her rights secured by the Civil Rights Act of §1871, 42 U.S.C. § 1983, of rights secured by the Eighth Amendment to the United States Constitution, and of rights secured under the laws of the District of Columbia. The Plaintiff seeks damages, both compensatory and punitive, an award of costs, interest and attorneys' fees, and other and further relief as this Court deems just and equitable.

2. This Court has jurisdiction of this action pursuant to D.C. Code Section 11-921 (1981 Edition) and D.C. Code Section 24-211.02 (1981 edition).

### Parties

3. The Plaintiff, Ms. Andrea Richardson, is a resident of the District of Columbia. Plaintiff Richardson is a preoperative transgender who identifies as female and lives as a female. She undergoes feminine hormone treatment.  At all times relevant to this Complaint Plaintiff Richardson was incarcerated at the District of Columbia Jail (hereinafter "D.C. Jail"), located at 1901 "D" St. SE in Washington, D.C. 20003. She was incarcerated continuously

---

[1] Although "Andre Richardson" is Plaintiff's legal name, Plaintiff Richardson goes by and responds to the name "Andrea," and refers to herself in the feminine gender.

from the date of the incident that forms the basis of this complaint, August 25, 2014, until

her release from the Federal Bureau of Prisons on October 30, 2015. She is not now

confined in any penal institution.

4. The Defendant District of Columbia (hereinafter "the District") is a municipal

corporation. It runs the District of Columbia Jail through its agency, the District of Columbia

Department of Corrections.

5. The Defendant Warden William Smith was, at the time of the incident on August 25,

2014, and currently is, the warden at the District of Columbia Jail. He is being sued in both

his official and individual capacity.

6. The Defendants John Does I-X are unknown employees and/or agents of the

Department of Corrections of the District of Columbia. They are being sued in both their

official and individual capacity.

## Venue

7. All events complained of herein occurred within the District of Columbia.

## Statutory Notice

8. On November 12, 2014 Plaintiff timely filed a notice pursuant to D.C. Code Section 12-

309 with the Mayor of the District of Columbia.

## Factual Background

9. On or about June 26, 2014 Plaintiff Andrea Richardson was committed to the care and

custody of the Department of Corrections of the Defendant District of Columbia, housed at

the D.C. Jail.  District of Columbia Code Section 24-211.02 (1981 edition) charges the

District of Columbia Department of Corrections with responsibility for the "proper

treatment, care, rehabilitation, and reformation" of the inmates in their care. On July 24,

2014 Plaintiff was sentenced to time served for one minor misdemeanor charge, second

degree theft, but had to remain in the D.C. Jail on a parole hold.

10.  During the time of her incarceration at the D.C. Jail Plaintiff was undergoing feminine

hormone treatment, had fully developed breasts, and was feminine in appearance. She

wore a woman s prison jumpsuit, a bra, women's panties, make-up, and in interactions with

other inmates and D.C. Jail guards and other D.C. Jail employees went by the name of

Andrea. Further, she had effeminate gestures, characteristics and mannerisms.

11. When Plaintiff Richardson was first processed at initial intake at the D.C. Jail she was

asked in by D.C. Jail officials whether she wanted to stay in the general population of the

District of Columbia Jail, which is male, or sent to the Correctional Treatment Facility,

where she would be held in lock down in a cell on a segregated ward by herself, completely

isolated from all other inmates at all times. Her only interaction would be with jail guards

when they came by. Further, she would eat alone, do her one hour of exercise outside alone,

participate in any programs by herself, and never be allowed to speak with or interact with

another inmate. The Prison Rape Elimination Act of 2003 (Hereinafter "PREA") forbids

transgender inmates such as Plaintiff Richardson from being placed in segregated housing

based solely on their sexual identity unless there are no other alternatives to keep them

separated from sexual predators, and then only for a maximum of thirty days at a time. .

The Policy and Procedure statement of the District of Columbia Department of Corrections

Number 3350.2G states that a resident identified as vulnerable to sexual abuse shall not be

housed with an inmate who is assessed as a reasonable risk to a vulnerable inmate.

12.  Policy and Procedure statement Number 3350.2G also states that inmates at high

risk for sexual victimization shall not be placed in involuntary segregated housing unless

there is no alternative means of separation from likely predators. Because of Plaintiff Richardson's emotional and mental condition she did not feel that she could withstand what would amount to solitary confinement for an extended period of time. Therefore, she opted to stay in the D.C. Jail in general and open population with the males where she would be with other inmates in an open and social environment.  She assumed, and was led to believe, that if she chose to remain at the D.C. Jail she would remain in open population and that she would be placed in a cell by herself or with another transgender inmate.

13. Plaintiff was initially assigned to a cell by herself on a lower level of the D.C. Jail. However, approximately one month later, employees and/or agents of the Defendant District of Columbia, including but not limited to John Does I-X, assigned Plaintiff to an upper floor, NE3, and placed her in Cell 44 with a sexually aggressive male inmate, Michael Glover aka Wil ie Glover. Plaintiff Richardson begged the guards not to move her to that cell , but to no avail.

14. Inmate Michael Glover is a white, straight male. He is approximately 5'8" tall and weighs 140 pounds. He was awaiting trial on a charge of First Degree Burglary in case 2014 CF3 10909 wherein he was alleged to have gone into a strangers home early in the morning while she was sleeping and stolen her laptop computer and wallet with credit cards and identification. On August 14, 2014 he had plead guilty in the case to Burglary Two. Upon information and belief, he has a long, serious criminal record.

15. As soon as Plaintiff was put in inmate Glover's cell he began making sexual passes at her and making sexually suggestive comments. Comments included but are not limited to statements such as "you are sexy," "one day I am going to rape you," "one day I am going to f*** you," or words to that effect.  Further Glover kept smacking Plaintiff on the buttocks

and grabbing at her breasts. These comments and physical assaults caused Plaintiff to fear

for her safety and welfare and caused her severe emotional distress.

16. Plaintiff repeatedly complained to her case manager about the comments and

physical assaults and repeatedly asked to be moved to a cell by herself again, or at least to

remove either herself or Glover from Cell 44. Plaintiff also voiced her complaints to other

guards on duty.

17.  PREA, as embodied in C.F.R. § 115.41, requires that an inmate be initially screened

to determine whether or not that inmate is at risk for being sexually abusive. The initial

screening shall consider prior convictions for violent offenses, a history of prior

institutional violence or sexual abuse, and prior acts of sexual abuse. Further, "An inmate's

risk level shall be reassessed when warranted due to a referral, request, incident of sexual

abuse, or receipt of additional information that bears on the inmate's risk of sexual

victimization or abusiveness."

18. Upon information and belief Michael Glover had a long history of criminal offenses,

including some violent offenses. Moreover, his risk level should have been reassessed when

Plaintiff complained about his sexual abuse and sexual assaults upon her and he either

should have been moved from Cell 44 or Plaintiff should have been moved from that cell

19. Further, during the entire time that Plaintiff Richardson was confined on the unit

NE3 she was sexually harassed and forced to remain in an atmosphere hostile to her as a

transgender. Guards, including but not limited to John Does I-X, constantly called her

names and made comments to her, in front of other inmates, such as: "tranny," "faggot",

"you are a loser", "you aint nothing ," "you are trash," "you should of had been raped cause

you walking around here looking like a woman," or words to that effect.  This hostile

atmosphere made it conducive for Plaintiff Richardson to be raped because she was in fact treated as though she was "nothing." Plaintiff Richardson also reported the hostile environment and hostile comments to her case manager and at least one sergeant, to no avail.

20.  The decision to place Michael Glover in Cell 44 with Plaintiff was made by employees and/or agents of the Defendant District of Columbia including but not limited to John Does I-X. The decision was made under color of state law and with reckless indifference to the health, safety and welfare of Plaintiff.

21.  The decision to keep Michael Glover in Cell 44 with Plaintiff was made by employees and/or agents of the Defendant District of Columbia including but not limited to John Does I-X under color of state law and with reckless indifference to the health, safety and welfare of Plaintiff.

22. On or about August 25, 2014 between on or about 8:30 p.m. and 8:45 p.m. Plaintiff and Michael Glover were alone in Cell 44 together. Plaintiff was standing up looking out the door window, wearing headphones and watching television. Michael Glover was on the bottom bunk bed. All of a sudden Michael Glover said "I am going to do 20 years anyway, so I may as well get a piece of ass," or words to that effect. He then got up off the bunk bed and stood behind Plaintiff. He grabbed Plaintiff from behind, putting his right arm behind her neck. Glover choked her so hard that Plaintiff believes she briefly may have lost consciousness. He then pulled her shorts down with his left hand. There were no guards anywhere on the floor.  Glover then forced his penis into Plaintiff's anus and pushed his penis about half way in. When Plaintiff began to struggle, Glover started striking Plaintiff's left leg with a sharp object and told her to "be still." However, as a result of Plaintiff

struggling, Glover could not get his penis all the way in and ultimately ejaculated on Plaintiff's left leg and buttocks.

23. After raping and physically assaulting her Glover threatened Plaintiff that "if you say something, I will catch you and kill you," or words to that effect.

24.  As soon as the cell doors on the unit were opened so that the inmates could get their medications, Plaintiff left her cell and walked to the guard booth were she reported the rape as soon as she was able to.

 25. Once Plaintiff Richardson complained to DC Jail guards that she was raped, she was transported to the Medstar Washington Hospital where she was examined and a rape kit administered. The diagnosis was neck pain, sexual assault, and strangulation.

26. After returning to the D.C. Jail Plaintiff Richardson was retaliated against by the Unknown Department of Corrections Employees, John Does I-X who immediately placed Plaintiff Andrea Richardson, the victim, in protective custody, thereby depriving her of all liberties, but allowed Michael Glover, the rapist, to remain in general population with all liberties. In fact, Glover was allowed to remain in general population while Plaintiff was kept in protective custody during the remainder of her time at the D.C. Jail. PREA forbids transgender inmates such as Plaintiff Richardson from being placed in protective custody based solely on their sexual identity unless there are no other alternatives to keep them separated from sexual predators, and then only for a maximum of thirty days at a time.

27.  On or about June 2, 2015 Michael Glover was indicted in the District of Columbia Superior Court. in case 2014 CF1 17403, with one count of First Degree Sex Abuse, one count of Kidnapping, and one count of Threat to Kidnap or Injure a Person.

Case 1:16-cv-00209-CRC   Document 1   Filed 02/05/16   Page 9 of 18

**COUNT ONE**
**Negligence**
**(District of Columbia – John Does I-X)**

28. Plaintiff hereby incorporates paragraphs 1 through 27, inclusive, as if set forth at length herein.

29. The District of Columbia is liable for the tortious conduct of its employees under the doctrine of respondeat superior.

30. On or about August 25, 2014 the defendants District of Columbia, acting through their agents, servants and employees including but not limited to John Does I-X, acting in the scope of their employment, and acting under color of state law, owed a duty of care to Plaintiff Andrea Richardson that she would be reasonably and safely held while incarcerated at the D.C. Jail, and that she would be protected from potentially violent inmates, potentially sexually aggressive inmates, and those inmates in general who were a threat to her, safety and welfare. They further owed inmates such as Andrea Richardson properly assess inmates as suitable for placement in a cell with a transgender female inmate, and to separate sexual predators from sexually vulnerable inmates such as Plaintiff. They also owed her a duty not to put straight men in a cell with her, a transgender female. The defendant District of Columbia breached that duty of care on or about August 25, 2015 when they assessed inmate Glover to be appropriate to be placed in Cell 44 with Plaintiff Richardson, and kept him there despite repeated complaints from Plaintiff about his verbal and sexual assaults upon her.

9

31. Further, the District of Columbia breached their duty of care to plaintiff on or about August 25, 2015, the time that Plaintiff was placed in carelessly and negligently, and with reckless indifference to the safety and welfare of inmate Richardson and other inmates by negligently supervising its employees and/or agents including but not limited to John Does I-X who constantly harassed Plaintiff by calling her names such as "trannie" and "faggot" in front of Glover and other inmates, thereby creating a hostile and unsafe atmosphere for Plaintiff, thereby encouraging Glover to abuse Plaintiff.

32. Further, on or about August 25, 2014, at or about 8:30 p.m. – 8:45 p.m., the Defendant District of Columbia, through its employees and/or agents including but not limited to John Does I-X, f breached their duty to Plaintiff by negligently failing to have an adequate number of staff on duty on NE3, Cell 44, thereby negligently failing to prevent the rape and physical assault of Plaintiff Richardson by Michael Glover on that date.

33. That as a direct and proximate result of the aforesaid negligence and breach of duty of these defendants, and each of them, Plaintiff Richardson has suffered the above mentioned personal injuries, pain and suffering, emotional injuries, and other injuries al of which are permanent in nature and has incurred and will continue to incur medical expenses and bills.

34. Wherefore Plaintiff prays for judgment against each of the Defendants, jointly ard severally, in the amount set forth below.

## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (District of Columbia – John Does I-X)

35. Paragraphs 1-34 are incorporated herein by reference as though set forth
    herein.

36. The District of Columbia is liable for the tortious conduct of its employees
    under the doctrine of respondeat superior.

37. By the conduct and actions described above, the acts of the employees
    and/or agents of the District of Columbia, including but not limited to John
    Does I-X, acting in the course and scope of their employment with the
    Defendant District of Columbia, in placing Michael Glover, a straight
    predator man, with a violent background, in Cell 44 with Plaintiff, a
    transgender female vulnerable to sexual assault, and then refusing to
    move either Plaintiff or Glover to a different cell after Plaintiff repeatedly
    complaint that Glover was making sexually threatening comments and
    sexually assaulting her, and that Plaintiff feared for her safety, was
    extreme, outrageous, and utterly intolerable in a civilized community;
    conduct which exceeded all reasonable bounds of decency. Their acts of
    creating a hostile and unsafe atmosphere on the unit where Plaintiff was
    housed was also extreme, outrageous and utterly intolerable in a civilized
    community; conduct which also exceeded all reasonable bounds of
    decency.

38. By the conduct and actions described above, the acts of the employees
    and/or agents of the Defendant Does I-X, District of Columbia, acting in the

course and scope of their employment with the District of Columbia, with reckless indifference and under color of state law, were intended to and did cause severe emotional distress to Plaintiff Richardson.

39. By the conduct and actions described above, the acts of these employees and/or agents and/or Defendants acting in the course and scope of their employment with the District of Columbia, was the direct and proximate cause of injury and damage to Plaintiff Richardson and violated her statutory and common law rights as guaranteed by the laws of the District of Columbia and Constitution of the United States.

40. As a result of the foregoing, Plaintiff Richardson was subjected to serious physical and emotional pain and suffering, bodily injury, pecuniary loss and was otherwise damaged and injured.

41. Wherefore Plaintiff prays for judgment against each of the Defendants, jointly and severally, in the amount set forth below.

## COUNT THREE
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (District of Columbia – John Does I-X)

42. Paragraphs 1-41 are incorporated herein by reference as though set forth herein.

43. The District of Columbia is liable for the tortious conduct of its employees under the doctrine of respondeat superior.

44. As stated above, the Defendant District of Columbia, acting through its agents, servants and employees including but not limited to John Does I-X, owed a duty of care to Plaintiff Andrea Richardson that she would be

reasonably and safely held while incarcerated at the D.C. Jail, and that she would be protected from potentially violent inmates, potentially sexually aggressive inmates, and those inmates in general who were a threat to her, safety and welfare.

45. By the conduct and actions described above, the acts of the employees and/or agents of the District of Columbia, including but not limited to John Does I-X, acting in the course and scope of their employment with the Defendant District of Columbia, negligently breached that duty by placing Michael Glover, a straight predator man, with a violent background, in Cell 44 with Plaintiff, a transgender female vulnerable to sexual assault, and then refusing to move either Plaintiff or Glover to a different cell after Plaintiff repeatedly complained that Glover was making lewd and sexually threatening comments, and sexually assaulting her, and that Plaintiff feared for her safety.

46. By the conduct and actions described above, the acts of the employees and/or agents of the Defendant Does I-X, District of Columbia, acting in the course and scope of their employment with the District of Columbia, with reckless indifference and under color of state law, negligently caused Plaintiff severe emotional distress.

47. By the conduct and actions described above, the acts of these employees and/or agents and/or Defendants acting in the course and scope of their employment with the District of Columbia, was the direct and proximate cause of injury and damage to Plaintiff Richardson and violated her

statutory and common law rights as guaranteed by the laws of the District

of Columbia and Constitution of the United States.

48. As a result of the foregoing, Plaintiff Richardson was subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and was otherwise damaged and injured.

49. Wherefore Plaintiff prays for judgment against each of the Defendants, jointly

and severally, in the amount set forth below.

**COUNT FOUR**
**EIGHTH AMENDMENT - 42 U.S.C. § 1983**
**(Warden William Smith – John Does I-X)**

50. Plaintiff hereby incorporates paragraphs 1 through 49, inclusive, as if set forth at

length herein.

51. Defendants Warden William Smith, and John Does I-X, acting under color

of state law, were deliberately indifferent to the health, safety and welfare

of Plaintiff Andrea Richardson on or about August 25, 2014 by failing to

properly assess Michael Glover, a straight male with a lengthy criminal

record, as a person fit to remain in Cell 44 with Plaintiff Richardson,

and/or then failed to re-assess Michael Glover and separate him and

Plaintiff after Plaintiff repeatedly complained about his sexually aggressive

comments and sexual assaults upon her. This reckless indifference to

Plaintiff's health, safety and welfare violated her constitutional rights

under the Eighth Amendment to the United States Constitution to be free

from cruel and unusual punishment resulting in her horrific rape by

Michael Glover.

52. Defendant Warden William Smith, acting under color of state law, was further deliberately indifferent to the health, safety and welfare of Plaintiff Richardson by failing to initiate a policy whereby transgender females would be housed in their own cells, an/or housed with other transgenders or gay males and/or did not have a reasonable alternative to segregation that did not involve protective custody or solitary confinement in violation of PREA and in violation of Plaintiff's constitutional rights to be free from cruel and unusual punishment.

53. Defendants and each of them further violated Plaintiff's Eight Amendment Rights against cruel and unusual punishment by allowing a hostile environment to thrive on the unit where Plaintiff was housed by allowing guards, including but not limited to John Does I-X, to constantly taunt Plaintiff by calling her "tranny," "faggot," and make other pejorative comments to her as set forth above. This encouraged the rape of Plaintiff.

54. As a direct and proximate result of the aforesaid violation of Plaintiff Richardson's Eighth Amendment right to be free from cruel and unusual punishment, plaintiff has suffered the above mentioned personal injuries, pain and suffering, emotional injuries, and other injuries all of which are permanent in nature and has incurred and will continue to incur medical expenses and bills.

55. Wherefore Plaintiff prays for judgment against each of the Defendants, jointly and severally, in the amount set forth below.

**COUNT FIVE**
**NEGLIGENT SUPERVISION, RETENTION AND TRAINING**
**(Warden William Smith – District of Columbia)**

56. Paragraphs 1-55 are incorporated herein by reference as though fully set forth herein.

57. Defendants Warden William Smith and/or the District of Columbia had a duty to properly train, retain and supervise John Does I-X and other employees and/or agents of the District of Columbia who staffed the District of Columbia Jail.

58. The Defendants Warden William Smith and/or the District of Columbia breached that duty by negligently training, retaining and supervising the aforesaid Defendants by failing to properly train and supervise them as to how to guard, place and otherwise supervise transgender inmates.

59. This failure included allowing John Does I-X and other agents and/or employees of the D.C. Jail to place Plaintiff Richardson in a cell with inmate Glover, who was not an appropriate person to be placed with a transgender inmate such as Plaintiff, and/or to allow him to remain in a cell with Plaintiff despite her repeated complaints about his sexually aggressive attitude towards her. Further these same Defendants were allowed to place Plaintiff Richardson in what amounted to solitary confinement after she complained about being raped, and encouraged the rape by allowing a hostile environment against transgender inmates to flourish on the unit.

60. This failure also allowed various D.C. Jail guards, including but not limited

to John Does I-X, to create a hostile environment for Plaintiff Richardson by calling her names such as "tranny" and "faggot" as set forth above.

61. The acts and conduct of these Defendants and each of them were the direct and proximate cause of injury and damage to Plaintiff Richardson and violated her statutory and common law rights as guaranteed by the laws of the District of Columbia.

62. As a result of the foregoing, Plaintiff Williams was subjected to serious physical and emotional pain and suffering, bodily injury, pecuniary loss and was otherwise damaged and injured.

63. Wherefore Plaintiff prays for judgment against each of the Defendants, jointly and severally, in the amount set forth below.

**WHEREFORE**, plaintiff demands judgment against Defendants District of Columbia, Warden William Smith and John Does I-X, jointly and severally, in the sum of Ten Million Dollars ($10,000,000.00) plus interest from the date of the occurrence at the prevailing rate, plus costs and attorney's fees in this action

Respectfully Submitted,

Jane Carol Norman #384030
Bond & Norman Law, PC
777 6th St. NW
Suite 410
Washington, DC 20001
202-423-3863
Fax: 202-207-1041
Email: janenorman@bondandnorman.com

Counsel for the Plaintiff
Andrea Richardson

17

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes a demand for trial by jury as to all issues.

Jane Carol Norman